**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sebastian QUINTO–PARTIDO,**
**Defendant–Appellant.**

**No. 15–10065.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 23, 2015.

Robert A. Bork, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, Eliza-

beth Olson White, Esquire, Assistant U.S., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Amy B. Cleary, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Sebastian Quinto–Partido appeals from the district court's judgment and challenges the 30–month custodial sentence and three-year term of supervised release imposed following his guilty-plea conviction for being a deported alien found in unlawfully the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quinto–Partido contends that the custodial sentence and three-year term of supervised release are substantively unreasonable. The district court did not abuse its discretion in imposing Quinto–Partido's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The low-end custodial sentence and term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Quinto–Partido's extensive immigration

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

history and the need for adequate deterrence. *See* U.S.S.G. § 5D1.1 cmt. n. 5 (supervised release term for a deportable alien is appropriate if it would provide added measure of deterrence); *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.